# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH DEVAUGHN, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Keith DeVaughn's Motion to Release with Conditions. (Doc. 11). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On September 11, 2019, a Grand Jury indicted Defendant with one count of Felon in Possession of Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). On March 17, 2020, Defendant pleaded guilty to the Indictment with a Plea Agreement. (Non-Doc. Entry, 3/17/2020; Doc. 9). A Sentencing Hearing has been set for July 10, 2020.

On April 8, 2020, Defendant filed his Motion to release prior to Sentencing. (Doc. 11[1]). The Government responded on April 9, 2020 asking the Court to deny Defendant's Motion. (Doc. 13).

---
[1] Defendant filed the same Motion twice on April 8, 2020. (*See* Docs. 10 & 11). Both Motions are the same and are addressed in this Order.

## II. LAW & ANALYSIS

Generally, a person found guilty of an offense must be detained while awaiting the imposition of a sentence. *See* 18 U.S.C. § 3143(a)(1). Two exceptions exist. The first applies when the applicable Sentencing Guidelines do not recommend a term of imprisonment. *Id.* The second applies when a judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…" *Id.* Section 3143 "presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Here, Defendant has not overcome the presumption of dangerousness. Defendant pleaded guilty to the Indictment. By doing so, he faces a statutory maximum of ten years imprisonment. Therefore, the Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As highlighted by the Plea Agreement (Doc. 9), Defendant's base offense level is 14. While the parties did not agree to a recommended Sentencing Guideline range, the Government did retain the ability to argue for an upward variance in this case. Therefore, while the Guideline range is unknown at this time, the parties clearly contemplated that Defendant will serve a term of imprisonment. Accordingly, the first exception of §3143(a)(1) does not apply.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. According to Defendant, the Court should "order the temporary release of Defendant pending his sentencing hearing due to the Covid-19 pandemic." (Doc.11, PageID: 32). Defendant does not discuss his danger to the community or risk of flight should the Court release him. But Defendant has a serious criminal history involving weapons and violence. Defendant has violated terms of court supervision and

committed the instant offense while under supervised release. Finally, the facts of this offense present a reckless disregard for the safety of others, as he brought a loaded firearm to a daycare. Defendant's history suggests a disregard for authority and he has not alleged any facts to clearly convince the Court that his release this time would be anything different.

Rather than focusing on his danger to the community or likelihood of flight, Defendant focuses on the impact of COVID-19 on himself and the facility where he is detained. He claims at least one employee at the facility where he is detained has tested positive for the virus. While the Court agrees that COVID-19 presents unique challenges to certain populations, the existence of COVID-19 has no impact on Defendant's danger to the community or flight risk if released. Defendant does not allege he contracted COVID-19. In fact, he does not allege he has any prior health condition making him an "at-risk" person.[2] With respect to the positive test of the contractor at the facility, Defendant has not alleged he has been exposed to this person. Moreover, beyond the one positive test of a contractor of the facility, the facility has not reported another positive test or any spread among the facility's population.[3] This demonstrates that the facility and authorities are taking proper precautions to protect the inmate population. (*See also*, Doc. 13, PageID: 38-41).

The Court recognizes Defendant's concerns due to COVID-19. But Defendant is subject to detention because he has not satisfied either exception under § 3143(a)(1). Therefore, Defendant's Motion fails.

---

[2] Defendant claims he suffered "a serious injury to one of his eyes" and he has "another serious chronic medical condition." But he does not offer adequate evidence for the Court to make this factual finding.

[3] As of April 19, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-19-2020%20%201305.pdf) (last accessed Apr. 20, 2020). The institution is in lockdown, as a precautionary measure due to the positive test of the facility's contractor.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                         **CHRISTOPHER A. BOYKO**
                                         **Senior United States District Judge**

**Dated: April 20, 2020**